**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| UNILIFE CORPORATION, *et al.*,[1] | ) | Case No. 17-10805 (LSS) |
| | ) | (Jointly Administration Requested) |
| Debtors. | ) | **Related D.I. No.: 11** |

**INTERIM ORDER PURSUANT TO SECTION 366 OF THE BANKRUPTCY CODE: (A) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING OR DISCONTINUING SERVICES TO, OR DISCRIMINATING AGAINST, THE DEBTORS ON ACCOUNT OF PREPETITION AMOUNTS DUE; (B) AUTHORIZING THE DEBTORS TO ESTABLISH THE ADEQUATE ASSURANCE DEPOSIT ACCOUNT AND PAY THE ADEQUATE ASSURANCE DEPOSIT; (C) ESTABLISHING PROCEDURES TO OBJECT TO THE MOTION; AND (D) SCHEDULING A FINAL HEARING**

Upon consideration of the Motion[2] of the above-captioned debtors and debtors-in-possession (each a "Debtor" and collectively, the "Debtors") seeking entry of interim and final orders pursuant to section 366 of the Bankruptcy Code: (I) prohibiting the Utility Providers from altering, refusing or discontinuing services to, or discriminating against, the Debtors on account of prepetition amounts due; (II) determining that the Utility Providers are adequately assured of future payment; (III) authorizing the Debtors to establish the Adequate Assurance Account and pay the Adequate Assurance Deposit; (IV) establishing procedures to object to the Motion; (V) scheduling the Final Hearing; and (VI) granting related relief; and it appearing that the Bankruptcy Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334; and it appearing

[1] The Debtors in these Chapter 11 cases are the following entities (the last four digits of each Debtor's respective federal tax identification number, if any, follow in parentheses): Unilife Corporation (9354), Unilife Medical Solutions, Inc. (9944), Unilife Cross Farm LLC (3994). The Debtors' corporate headquarters and the mailing address for each Debtor is 250 Cross Farm Lane, York, PA 17406.

[2] Capitalized terms used, but not defined herein, shall have the meanings ascribed to such terms in the Motion.

that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, and their creditors; and after due deliberation thereon, and good and sufficient cause appearing therefor; it is hereby

**ORDERED**, that the Motion is **GRANTED**; and it is further

**ORDERED**, that subject to the entry of the Final Order, no Utility Provider may: (a) alter, refuse, terminate or discontinue utility services to, and/or discriminate against, the Debtors on the basis on the commencement of these Chapter 11 cases or on account of outstanding prepetition amounts due; or (b) require additional assurance of payment, other than the Proposed Adequate Assurance, as a condition to the Debtors receiving utility services; and it is further

**ORDERED**, that the Debtors are authorized, but not directed, to pay on a timely basis and in accordance with their pre-petition practices, all undisputed invoices for post-petition Utility Services provided by the Utility Providers; and it is further

**ORDERED**, that the Debtors shall, on or before twenty (20) days after the Petition Date, deposit a sum equal to fifty percent (50%) of the Debtors' estimated average monthly cost of Utility Services (the "Adequate Assurance Deposit") into an interest-bearing, newly-created, segregated account (the "Adequate Assurance Account"), pending further order of the Bankruptcy Court, for the purpose of providing each Utility Provider adequate assurance of payment of its post-petition Utility Services to the Debtors; and it is further

**ORDERED**, that the Debtors may adjust the amount in the Adequate Assurance Account to: (i) reflect the termination of Utility Services by the Debtors regardless of any Additional Assurance Requests subject to notice to the effected Utility Provider; and (ii) reflect agreements with Utility Providers; and it is further

**ORDERED**, that the Debtors are authorized, without further order of the Bankruptcy Court, to enter into agreements granting additional adequate assurance to a Utility Provider serving an Additional Assurance Request, if the Debtors, in their discretion, determine that the Additional Assurance Request is reasonable; and it is further

**ORDERED**, that nothing in this Order or the Motion constitutes a finding that any entity is or is not a Utility Provider hereunder or under section 366 of the Bankruptcy Code, whether or not such entity is listed on Exhibit "A" to the Motion; and it is further

**ORDERED**, that nothing in this Order or the Motion shall be deemed to constitute post-petition assumption or adoption of any agreement pursuant to section 365 of the Bankruptcy Code; and it is further

**ORDERED**, that all objections ("Objections") must be filed with the Bankruptcy Court and served no later than April 27, 2017, at 4:00 p.m., Eastern Time (the "Objection Deadline"). Any Utility Provider that does not file an Objection prior to the Objection Deadline shall be deemed to consent to, and shall be bound by, this Interim Order and the Final Order; and it is further

**ORDERED**, that a Final Hearing to resolve any Objections filed prior to the Objection Deadline shall be conducted on May 4, 2017 at 2:00 p.m., prevailing Eastern Time; and it is further

**ORDERED**, that the Debtors shall serve a copy of this Order on each Utility Provider listed on Exhibit "A" to the Motion within five (5) business days of the date this Order is entered, and shall also serve this Order on each Utility Provider subsequently added to Exhibit "A" by the Debtors or as a result of the Adequate Assurance Procedures; and it is further

**ORDERED**, that the terms and conditions of this Order shall be effective and enforceable immediately upon its entry; and it is further

**ORDERED**, that this Bankruptcy Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: April 13, 2017

Honorable Laurie Selber Silverstein
United States Bankruptcy Judge



LEGAL\30045501\1