IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| UNILIFE CORPORATION, *et al.*,[1] | ) | Case No. 17-10805 (LSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Hearing Date: May 8, 2017 at 10:00 a.m.** |
| | ) | **Objection Date: May 1, 2017 at 4:00 p.m.** |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors") hereby file this motion (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit "A," establishing a streamline process for the allowance and payment of compensation and reimbursement of expenses for the Professionals (as defined below) who will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"). In support of this Motion, the Debtors respectfully represent as follows:

### JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.

---

[1] The Debtors in these Chapter 11 cases are the following entities (the last four digits of each Debtor's respective federal tax identification number, if any, follow in parentheses): Unilife Corporation (9354), Unilife Medical Solutions, Inc. (9944), Unilife Cross Farm LLC (3994). The Debtors' corporate headquarters and the mailing address for each Debtor is 250 Cross Farm Lane, York, PA 17406.

LEGAL\30090563\2

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Debtors confirm their consent pursuant to Local Rule 9013-1(f) to the entry of a final order by the Bankruptcy Court in connection with this Motion to the extent that it is later determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested herein are sections 105(a) and 327, 330, 331, and 1103 of the Bankruptcy Code.

## BACKGROUND

A. **General Background**

5. On April 12, 2017 (the "Petition Date"), the Debtors each filed with this Bankruptcy Court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are continuing to operate their businesses and manage their affairs as debtors in possession. An official committee of unsecured creditors (a "Creditors' Committee") has not yet been appointed by the Office of the United States Trustee (the "U.S. Trustee").

6. The factual background relating to the Debtors' commencement of these Chapter 11 cases is set forth in detail in the *Declaration of John Ryan in Support of the Debtors' Chapter 11 Petitions and First Day Relief* [D.I. No. 5] (the "First Day Declaration").

B. **Specific Background**

7. The Debtors have filed or intend to file applications to retain: Cozen O'Connor, as general bankruptcy counsel, Duane Morris LLP, as corporate, securities and labor counsel, SSG Advisors, LLC as investment bankers to the Debtors, and Rust Consulting/Omni Bankruptcy as

claims and noticing agent. In addition, the Debtors anticipate that they will move to retain other professionals during the course of these Chapter 11 cases, as the need arises, and the Creditors' Committee, if appointed, will likely seek to retain counsel and other professionals.

8. The Debtors believe that establishing orderly procedures for payment of the professionals whose retentions are approved by this Bankruptcy Court pursuant to Bankruptcy Code sections 327 or 1103 and who will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to Bankruptcy Code sections 330 and 331 (each a "Professional" and, collectively, the "Professionals") will streamline the administration of these Chapter 11 cases and otherwise promote efficiency for the Bankruptcy Court, the U.S. Trustee, and other parties in interest. A streamlined process for serving fee applications is in the best interest of the Debtors because it will facilitate efficient review of the Professionals' fees and expenses while saving the Debtors unnecessary copying and mailing expenses.

## RELIEF REQUESTED

9. The Debtors respectfully request entry of an order, substantially in the form attached hereto as Exhibit "A" (the "Proposed Order"), pursuant to Bankruptcy Code sections 105(a) and 331, establishing a streamlined process for the allowance and payment of compensation and reimbursement of expenses for Professionals who will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to Bankruptcy Code sections 330 and 331.

10. Specifically, the Debtors propose that, except as otherwise provided in an order of the Bankruptcy Court authorizing the retention of a particular Professional, the Professionals be

permitted to seek interim payment of compensation and reimbursement of expenses in accordance with the following procedures (collectively, the "Compensation Procedures"):

(a) The Debtors are authorized to transfer funds on a monthly basis to the Cozen O'Connor Client Trust Account (the "Professional Fee Trust") in the amounts that the Professionals may be paid under the approved budget (the "Budget") for such month. Such funds shall be held for the benefit of the Professional that are approved for payment pursuant to one or more orders of the Bankruptcy Court.

(b) On or after the twentieth (20th) day, or the next business day if such day is not a business day, of each month following the month for which compensation is sought (the "Compensation Period"), each Professional seeking interim allowance of its fees and expenses may file an application that will include the relevant time entry and description and expense detail for interim allowance of compensation and services rendered and reimbursement of expenses incurred during the preceding month (a "Monthly Fee Application") with the Bankruptcy Court, pursuant to Bankruptcy Code section 331, for interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during the Compensation Period. Each Professional shall serve the Monthly Fee Application on the following parties (the "Notice Parties"):

    (i) the Debtors, Unilife Corporation, *et al.*, 250 Cross Farm Lane, York, PA 17406, Attn: John Ryan, Esq. (john.ryan@unilife.com) and Stephanie Walters, Esq. (stephanie.walters@unilife.com);

    (ii) proposed counsel to the Debtors, Cozen O'Connor, 1201 North Market Street, Suite 1001, Wilmington, DE 19801, Attn: Mark E. Felger, Esq. (mfelger@cozen.com) and Keith L. Kleinman, Esq. (kkleinman@cozen.com);

    (iii) counsel to the DIP Lender, ROS Acquisition Offshore LP, Pachulski, Stang, Ziehl & Jones, Attn: Laura Davis Jones, Esq. (ljones@pszjlaw.com), 919 North Market Street, 17th Floor, Wilmington, DE 19801 and Pachulski, Stang, Ziehl & Jones, Attn: Debra Grassgreen, Esq. (dgrassgreen@pszjlaw.com), 150 California Street, 15th Floor, San Francisco, CA 94111;

    (iv) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 North King Street, Suite 2207, Wilmington, DE 19801, Attn: Mark Kenney, Esq. (mark.kenney@usdoj.gov); and

    (v) the attorneys for any statutory committee appointed in these cases.

(c) The first Monthly Fee Application submitted by each Professional shall cover the period from the effective date of such Professional's retention

through and including the last day of the month following such date. For the avoidance of doubt, the first Monthly Fee Application for the Professionals whose retentions are approved by the Bankruptcy Court with an effective date on or prior to April 30, 2017 shall be on or after May 20, 2017.

(d) Any Professional who fails to file a Monthly Fee Application for a particular month(s) may subsequently submit a consolidated Monthly Fee Application for a particular month(s). All Monthly Fee Applications shall comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Local Rules of the Bankruptcy Court (the "Local Rules").

(e) Each Notice Party will have twenty-one (21) calendar days, or the next business day if such day is not a business day, after service of a Monthly Fee Application to object thereto (the "Objection Deadline"). Upon the expiration of the Objection Deadline: (i) if no objections have been filed, each Professional shall file a certificate of no objection, or a certificate of partial no objection with the Bankruptcy Court, whichever is applicable, after which the Debtors shall be authorized to pay such Professional an amount equal to 80% of the fees and 100% of the expenses requested in its Monthly Fee Application (the "Maximum Interim Payment"); or (ii) if an objection is properly filed, the Professional shall be entitled to 80% of the fees and 100% of the expenses not subject to an objection (the "Actual Interim Payment"). In no event shall a Professional be paid an amount greater than the amount allocated to such professional in the Budget.

(f) If any Notice Party objects to a Professional's Monthly Fee Application (the "Affected Professional"), it must, on or before the expiration of the Objection Deadline, file with the Bankruptcy Court and serve on the Affected Professional and each Notice Party a written objection (an "Objection") so as to be received on or before the Objection Deadline. The Objection shall specifically identify the objectionable fees and expenses, including the amount of the applicable fees and expenses, and the basis for the Objection. Thereafter, the objecting party and the Affected Professional may attempt to resolve the Objection on a consensual basis. If the parties are able to resolve their dispute, the Affected Professional shall serve on the Notice Parties a statement indicating that the Objection has been withdrawn or settled, and the Debtors shall promptly pay, in accordance with subparagraph (e) that portion of the Monthly Fee Application that is no longer subject to an Objection up to the Maximum Interim Payment. If the parties are unable to resolve their dispute within twenty-one (21) calendar days, or the next business day if such day is not a business day, after service of the Objection, the affected Professional may either: (i) file a response to the Objection with the Bankruptcy Court, together with a request for payment of the difference, if any, between the Maximum Interim Payment and the Actual Interim Payment made to such Affected Professional (the "Incremental Amount"); or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Bankruptcy Court will consider and rule on the Objection if necessary.

(g) No later than one-hundred and fifty (150) calendar days after the Petition Date, and for each subsequent three-month period (each, an "Interim Fee Period"), each Professional shall file with the Bankruptcy Court and serve on the Notice Parties an application (an "Interim Fee Application") for interim approval and allowance of compensation and reimbursement of expenses sought in the Monthly Fee Applications, including any holdbacks, filed during the Interim Fee Period, pursuant to Bankruptcy Code section 331. The Interim Fee Application must include a summary of: (i) the Monthly Fee Applications that are the subject of the request, (ii) the amount of fees and expenses requested, (iii) the amount of fees and expenses paid to date or subject to an Objection, (iv) the deadline for other parties and the Notice Parties to file objections (the "Additional Objections") to the Interim Fee Application, and (v) any other information requested by the Bankruptcy Court or required by the Local Rules. All Interim Fee Applications shall comply with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable Third Circuit law.

(h) Each Professional shall file its Interim Fee Application on or before the forty-fifth (45th) day, or the next business day if such day is not a business day, after the end of the applicable Interim Fee Period.

(i) Additional Objections to any Interim Fee Application shall be filed and served upon the affected Professional and the Notice Parties so as to be received on or before the twentieth (20th) day, or the next business day if such day is not a business day, following service of the applicable Interim Fee Application.

(j) Service of the Monthly Fee Applications, Interim Fee Applications, final fee applications, and notices of any hearing thereon (the "Hearing Notices") shall be limited as follows: (i) the Notice Parties shall be entitled to receive the Monthly Fee Applications, Interim Fee Applications, final fee applications, and Hearing Notices; and (ii) parties in interest requesting notice pursuant to Bankruptcy Rule 2002 shall be entitled to receive the Hearing Notices and, only upon request of the appropriate Professional, the Monthly and Interim Fee Applications and final fee applications.

(k) The Debtors shall request that the Bankruptcy Court schedule a hearing on Interim Fee Applications at least once every six (6) months or at such other intervals as the Bankruptcy Court deems appropriate. If no Objections are pending and no Additional Objections are timely filed, the Bankruptcy Court may approve an Interim Fee Application without a hearing.

(l) The pendency of an Objection or an Additional Objection to payment of compensation or reimbursement of expenses shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses, unless the Bankruptcy Court orders otherwise.

(m) Any Professional who fails to file a Monthly Fee Application or an Interim Fee Application when due will be ineligible to receive further interim payments of fees or expenses under the Compensation Procedures until such time as a Monthly Fee Application or Interim Fee

        Application is submitted by the Professional. There will be no other penalties for failing to file a Monthly Fee Application or an Interim Fee Application in a timely manner.

(n)     Neither (i) the payment of or the failure to pay, in whole or in part, monthly interim compensation and reimbursement of expenses under the Compensation Procedures nor (ii) the filing of or the failure to file an Objection to any Monthly Fee Application or Interim Fee Application will bind any party in interest or the Bankruptcy Court with respect to the allowance of interim or final applications for compensation for services rendered and reimbursement of expenses of the Professionals. All fees and expenses paid to the Professionals in accordance with the Compensation Procedures are subject to disgorgement until final allowance by the Bankruptcy Court.

(o)     Any member of a statutorily appointed committee in these Chapter 11 cases may submit statements of expenses (excluding third-party's counsel's fees and expenses of individual committee members) and supporting vouchers to the applicable committee's counsel, which counsel will collect and submit the committee members' requests for reimbursement in accordance with the Compensation Procedures; *provided, however,* that payment of such expenses is not authorized to the extent that such authorization does not exist under the Bankruptcy Code, applicable Third Circuit law, the Bankruptcy Rules, the Local Rules, or the practices of this Bankruptcy Court.

(p)     No Professional may serve a Monthly Fee Application or file an Interim Fee Application until the Bankruptcy Court enters an order approving the retention of such Professional pursuant to Bankruptcy Code sections 327 or 1103.

11.     The Debtors will include all payments made to the Professionals in accordance with the Compensation Procedures in their monthly operating reports identifying the amounts paid to each Professional.

## BASIS FOR RELIEF REQUESTED

12.     Pursuant to section 331 of the Bankruptcy Code, all professionals are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days, or more often if permitted by the court. See 11 U.S.C. § 331. Specifically, Bankruptcy Code section 331 provides, in relevant part, as follows:

    A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered

> before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

Id. at § 331. Absent an order of this Bankruptcy Court, Bankruptcy Code section 331 limits payment of fees and expenses to professionals rendering services in these Chapter 11 cases to only three (3) times per year.

13. In addition, section 105(a) of the Bankruptcy Code authorizes the court to issue any order "necessary or appropriate to carry out the provisions of the [Bankruptcy Code]," thereby codifying the bankruptcy court's inherent equitable powers. Id. at § 105(a). In many complex cases in this district, courts have recognized that the permissive language of section 331 of the Bankruptcy Code, coupled with the court's inherent power under section 105(a) of the Bankruptcy Code, provides authority for the entry of orders establishing similar procedures for monthly compensation and reimbursement of expenses of professionals. See, e.g., In re American Hospice Management Holdings, LLC, Case No. 16-10670 (LSS) (Bankr. D. Del. Apr. 18, 2016); In re Hancock Fabrics, Inc., Case No. 16-10296 (BLS) (Bankr. D. Del. March 1, 2016); In re The Wet Seal, Inc., Case No. 15-10081 (CSS) (Bankr. D. Del. Feb. 10, 2015); In re Gridway Energy Holdings, Inc., Case No. 14-10833 (CSS) (Bankr. D. Del. May 22, 2014).

14. As set forth herein, the proposed Compensation Procedures in this Motion are designed to promote the efficient administration of these Chapter 11 cases, while at the same time allowing for appropriate monitoring of the Professionals' fees. The size of these cases and the amount of time and effort that will be required from the Professionals to appropriately address the Debtors' business concerns justifies the Compensation Procedures requested herein. Indeed, such Compensation Procedures are necessary to ensure that the Professionals are compensated fairly and timely for their services in these cases, and are not forced to bear undue

financial burden or risk caused by delays in payment. The Debtors respectfully submit that the Compensation Procedures sought herein are appropriate in light of the foregoing and are consistent with procedures implemented routinely in similar size cases in this District.

## NOTICE

15. Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the U.S. Trustee; (b) the holders of the twenty (20) largest unsecured claims against the Debtors (on a consolidated basis); (c) the Debtors' pre and post-petition secured lenders; and (d) all parties who, as of the filing of this Motion, have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

16. No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request for the reasons set forth herein that the Bankruptcy Court enter an order substantially in the form attached hereto as Exhibit "A" and grant such other and further relief as is just and proper.

Dated: April 18, 2017          COZEN O'CONNOR

*/s/ Keith L. Kleinman*
Mark E. Felger (No. 3919)
Keith L. Kleinman (No. 5693)
1201 N. Market St., Ste. 1001
Wilmington, DE 19801
Telephone: (302) 295-2000
Facsimile: (302) 295-2013

*Proposed Counsel for the Debtors and Debtors-in-Possession*