# Exhibit A

# [Proposed Form of Order]

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| UNILIFE CORPORATION, *et al.*,[1] | ) | Case No. 17-10805 (LSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Related Docket No. _____** |

## ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), seeking entry of an order (this "Order") under sections 105 and 331 of Bankruptcy Code, establishing a streamlined process for the allowance and payment of compensation and reimbursement of expenses for the Professionals who will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to Bankruptcy Code sections 330 and 331, as more fully set forth in the Motion; and due and sufficient notice of the Motion having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and the Bankruptcy Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before this Bankruptcy Court under 28 U.S.C. §§ 1408 and 1409; and upon the record of any hearing and all proceedings before the Bankruptcy Court; and the Bankruptcy Court having

---

[1] The Debtors in these Chapter 11 cases are the following entities (the last four digits of each Debtor's respective federal tax identification number, if any, follow in parentheses): Unilife Corporation (9354), Unilife Medical Solutions, Inc. (9944), Unilife Cross Farm LLC (3994). The Debtors' corporate headquarters and the mailing address for each Debtor is 250 Cross Farm Lane, York, PA 17406.

[2] Each capitalized term used but not otherwise defined herein have the meaning ascribed to such term in the Motion.

found and determined that the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors and all other parties in interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation thereon and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is **GRANTED**.

2. Except as otherwise provided in an order of the Bankruptcy Court authorizing the retention of a particular professional, the Professionals specifically retained pursuant to an order of the Bankruptcy Court in these Chapter 11 cases may seek interim payment of compensation and reimbursement of expenses in accordance with the following Compensation Procedures:

 (a) The Debtors are authorized to transfer funds on a monthly basis to the Cozen O'Connor Client Trust Account (the "Professional Fee Trust") in the amounts that the Professionals may be paid under the approved budget (the "Budget") for such month. Such funds shall be held for the benefit of the Professional that are approved for payment pursuant to one or more orders of the Bankruptcy Court.

 (b) On or after the twentieth (20th) day, or the next business day if such day is not a business day, of each month following the month for which compensation is sought (the "Compensation Period"), each Professional seeking interim allowance of its fees and expenses may file an application that will include the relevant time entry and description and expense detail for interim allowance of compensation and services rendered and reimbursement of expenses incurred during the preceding month (a "Monthly Fee Application") with the Bankruptcy Court, pursuant to Bankruptcy Code section 331, for interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during the Compensation Period. Each Professional shall serve the Monthly Fee Application on the following parties (the "Notice Parties"):

 (i) the Debtors, Unilife Corporation, *et al.*, 250 Cross Farm Lane, York, PA 17406, Attn: John Ryan, Esq. (john.ryan@unilife.com) and Stephanie Walters, Esq. (stephanie.walters@unilife.com);

 (ii) proposed counsel to the Debtors, Cozen O'Connor, 1201 North Market Street, Suite 1001, Wilmington, DE 19801, Attn: Mark E. Felger, Esq. (mfelger@cozen.com) and Keith L. Kleinman, Esq. (kkleinman@cozen.com);

 (iii) counsel to the DIP Lender, ROS Acquisition Offshore LP,

        Pachulski, Stang, Ziehl & Jones, Attn: Laura Davis Jones, Esq. (ljones@pszjlaw.com), 919 North Market Street, 17th Floor, Wilmington, DE 19801 and Pachulski, Stang, Ziehl & Jones, Attn: Debra Grassgreen, Esq. (dgrassgreen@pszjlaw.com), 150 California Street, 15th Floor, San Francisco, CA 94111;

    (iv)    the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 North King Street, Suite 2207, Wilmington, DE 19801, Attn: Mark Kenney, Esq. (mark.kenney@usdoj.gov); and

    (v)    the attorneys for any statutory committee appointed in these cases.

(c)    The first Monthly Fee Application submitted by each Professional shall cover the period from the effective date of such Professional's retention through and including the last day of the month following such date. For the avoidance of doubt, the first Monthly Fee Application for the Professionals whose retentions are approved by the Bankruptcy Court with an effective date on or prior to April 30, 2017 shall be on or after May 20, 2017.

(d)    Any Professional who fails to file a Monthly Fee Application for a particular month(s) may subsequently submit a consolidated Monthly Fee Application for a particular month(s). All Monthly Fee Applications shall comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

(e)    Each Notice Party will have twenty-one (21) calendar days, or the next business day if such day is not a business day, after service of a Monthly Fee Application to object thereto (the "<u>Objection Deadline</u>"). Upon the expiration of the Objection Deadline: (i) if no objections have been filed, each Professional shall file a certificate of no objection, or a certificate of partial no objection with the Bankruptcy Court, whichever is applicable, after which the Debtors shall be authorized to pay such Professional an amount equal to 80% of the fees and 100% of the expenses requested in its Monthly Fee Application (the "<u>Maximum Interim Payment</u>"); or (ii) if an objection is properly filed, the Professional shall be entitled to 80% of the fees and 100% of the expenses not subject to an objection (the "<u>Actual Interim Payment</u>"). In no event shall a Professional be paid an amount greater than the amount allocated to such professional in the Budget.

(f)    If any Notice Party objects to a Professional's Monthly Fee Application (the "<u>Affected Professional</u>"), it must, on or before the expiration of the Objection Deadline, file with the Bankruptcy Court and serve on the Affected Professional and each Notice Party a written objection (an "<u>Objection</u>") so as to be received on or before the Objection Deadline. The Objection shall specifically identify the objectionable fees and expenses, including the amount of the applicable fees and expenses, and the basis for the Objection. Thereafter, the objecting party and the Affected Professional may attempt to resolve the Objection on a consensual basis. If the parties are able to resolve their dispute, the

Affected Professional shall serve on the Notice Parties a statement indicating that the Objection has been withdrawn or settled, and the Debtors shall promptly pay, in accordance with subparagraph (e) that portion of the Monthly Fee Application that is no longer subject to an Objection up to the Maximum Interim Payment. If the parties are unable to resolve their dispute within twenty-one (21) calendar days, or the next business day if such day is not a business day, after service of the Objection, the affected Professional may either: (i) file a response to the Objection with the Bankruptcy Court, together with a request for payment of the difference, if any, between the Maximum Interim Payment and the Actual Interim Payment made to such Affected Professional (the "<u>Incremental Amount</u>"); or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Bankruptcy Court will consider and rule on the Objection if necessary.

(g) No later than one-hundred and fifty (150) calendar days after the Petition Date, and for each subsequent three-month period (each, an "<u>Interim Fee Period</u>"), each Professional shall file with the Bankruptcy Court and serve on the Notice Parties an application (an "<u>Interim Fee Application</u>") for interim approval and allowance of compensation and reimbursement of expenses sought in the Monthly Fee Applications, including any holdbacks, filed during the Interim Fee Period, pursuant to Bankruptcy Code section 331. The Interim Fee Application must include a summary of: (i) the Monthly Fee Applications that are the subject of the request, (ii) the amount of fees and expenses requested, (iii) the amount of fees and expenses paid to date or subject to an Objection, (iv) the deadline for other parties and the Notice Parties to file objections (the "<u>Additional Objections</u>") to the Interim Fee Application, and (v) any other information requested by the Bankruptcy Court or required by the Local Rules. All Interim Fee Applications shall comply with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable Third Circuit law.

(h) Each Professional shall file its Interim Fee Application on or before the forty-fifth (45th) day, or the next business day if such day is not a business day, after the end of the applicable Interim Fee Period.

(i) Additional Objections to any Interim Fee Application shall be filed and served upon the affected Professional and the Notice Parties so as to be received on or before the twentieth (20th) day, or the next business day if such day is not a business day, following service of the applicable Interim Fee Application.

(j) Service of the Monthly Fee Applications, Interim Fee Applications, final fee applications, and notices of any hearing thereon (the "<u>Hearing Notices</u>") shall be limited as follows: (i) the Notice Parties shall be entitled to receive the Monthly Fee Applications, Interim Fee Applications, final fee applications, and Hearing Notices; and (ii) parties in interest requesting notice pursuant to Bankruptcy Rule 2002 shall be entitled to receive the Hearing Notices and, only upon request of the appropriate Professional, the Monthly and Interim Fee Applications and final fee applications.

(k) The Debtors shall request that the Bankruptcy Court schedule a hearing on Interim Fee Applications at least once every six (6) months or at such other intervals as the Bankruptcy Court deems appropriate. If no Objections are pending and no Additional Objections are timely filed, the Bankruptcy Court may approve an Interim Fee Application without a hearing.

(l) The pendency of an Objection or an Additional Objection to payment of compensation or reimbursement of expenses shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses, unless the Bankruptcy Court orders otherwise.

(m) Any Professional who fails to file a Monthly Fee Application or an Interim Fee Application when due will be ineligible to receive further interim payments of fees or expenses under the Compensation Procedures until such time as a Monthly Fee Application or Interim Fee Application is submitted by the Professional. There will be no other penalties for failing to file a Monthly Fee Application or an Interim Fee Application in a timely manner.

(n) Neither (i) the payment of or the failure to pay, in whole or in part, monthly interim compensation and reimbursement of expenses under the Compensation Procedures nor (ii) the filing of or the failure to file an Objection to any Monthly Fee Application or Interim Fee Application will bind any party in interest or the Bankruptcy Court with respect to the allowance of interim or final applications for compensation for services rendered and reimbursement of expenses of the Professionals. All fees and expenses paid to the Professionals in accordance with the Compensation Procedures are subject to disgorgement until final allowance by the Bankruptcy Court.

(o) Any member of a statutorily appointed committee in these Chapter 11 cases may submit statements of expenses (excluding third-party's counsel's fees and expenses of individual committee members) and supporting vouchers to the applicable committee's counsel, which counsel will collect and submit the committee members' requests for reimbursement in accordance with the Compensation Procedures; *provided, however,* that payment of such expenses is not authorized to the extent that such authorization does not exist under the Bankruptcy Code, applicable Third Circuit law, the Bankruptcy Rules, the Local Rules, or the practices of this Bankruptcy Court.

(p) No Professional may serve a Monthly Fee Application or file an Interim Fee Application until the Bankruptcy Court enters an order approving the retention of such Professional pursuant to Bankruptcy Code sections 327 or 1103.

3. In each Interim Fee Application and final fee application, all attorneys who have been or are hereafter retained pursuant to sections 327 or 1103 of the Bankruptcy Code (i) shall apply for compensation for professional services rendered and reimbursement of expenses

incurred in connection with the Debtors' Chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Bankruptcy Court, and (ii) intend to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in *the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* to the extent that these cases qualify as cases subject to the U.S. Trustee's guidelines.

4. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

5. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, this Order shall be immediately effective and enforceable upon its entry.

6. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

7. The Bankruptcy Court retains jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: _____, 2017

_____
Honorable Laurie Selber Silverstein
United States Bankruptcy Judge