# **Exhibit A**

**(Proposed Order)**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| UNILIFE CORPORATION, *et al.,*[1] | ) | Case No. 17-10805 (LSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | **Related Docket No. _____** |

## ORDER APPROVING THE DEBTORS' KEY EMPLOYEE INCENTIVE PLAN

Upon the motion (the "Motion")[2] of the Debtors for approval of their Key Employee

Incentive Plan and authorization to make payments pursuant to such Plan to the Eligible

Employees, as more fully described in the Motion; and the Court having jurisdiction to consider

the Motion and the Declaration and the relief requested therein in accordance with 28 U.S.C. §

1334; and consideration of the Motion and the relief requested therein being a core proceeding

pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this District pursuant to 28 U.S.C. §

1408; and due and proper notice of the Motion being adequate and appropriate under the particular

circumstances; and the Court having found and determined that the relief sought in the Motion is

in the best interests of the Debtors' estates, their creditors, and other parties in interest, and that

the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

and any objections to the requested relief having been withdrawn or overruled on the merits; and

after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED:

---

[1] The Debtors in these Chapter 11 Cases are the following entities (the last four digits of each Debtor's respective federal tax identification number, if any, follow in parentheses): Unilife Corporation (9354), Unilife Medical Solutions, Inc. (9944), and Unilife Cross Farm LLC (3994). The Debtors' corporate headquarters and the mailing address for each Debtor is 250 Cross Farm Lane, York, PA 17406.

[2] Capitalized terms used but not defined herein shall have the meanings set forth in the Motion.

1.    The Motion is granted as set forth herein.

2.    The Debtors' KEIP as set forth on Exhibit 1 hereto is approved.

3.    The Debtors are authorized to make any and all payment to the Eligible Employees under the Plan as described in the Motion.

4.    The claims of the Eligible Employees under the KEIP Plan are entitled to and shall be accorded administrative expense status and priority under Bankruptcy Code sections 503(b)(1)(A) and 507(a)(2).

5.    Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062 and 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6.    The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: April __, 2017

_____
Honorable Laurie Selber Silverstein
United States Bankruptcy Judge

# EXHIBIT 1

## (Key Employee Incentive Program)

## KEY EMPLOYEE INCENTIVE PLAN TERM SHEET

| | |
|---|---|
| Plan Objective | The Key Employee Incentive Plan (the "KEIP) is designed to provide incentive payments to certain employees of Unilife Corporation and its debtor subsidiaries (collectively, the "Debtors") in order to incentivize such employees to meet certain performance targets, and to maximize the value of the Debtors' estates. |
| Eligible Employees | John Ryan – President and Chief Executive Officer<br><br>Ian Hanson – Senior Vice President and Chief Operating Officer<br><br>Stephanie Walters – Senior Vice President, General Counsel and Secretary<br><br>Rick Bente – Vice President and General Manager of Advanced Drug Delivery Systems |
| Incentive Targets | In order to receive any bonus under the KEIP, *all* of the following (collectively, the "Incentive Targets") must be achieved:<br><br>1. All or substantially all of the Debtors' assets must be sold in a process under section 363 of the Bankruptcy Code (a "Sale"), or a restructuring of the Debtors' business must be achieved through a confirmed plan (a "Restructuring");<br><br>2. The Debtors must stay within the approved budget, including permitted variances, as the approved budget may be amended; and<br><br>3. Operational Targets. The following Incentive Targets are collectively referred to as the "Operational Targets" and each, an "Operational Target")<br><br>    a. Small Format Precision-Therapy Development:<br><br>        i. Operational Target Deliverable: Completion of the Phase I Design History File consistent with Unilife's 21 C.F.R. 820.30 compliant Quality Management System for the Debtors' Small Format Precision Therapy drug delivery device. |

    ii.  <u>Description</u>:  In order to lower overhead costs and to provide for simpler commercialization pathways for new customers, the Debtors are creating a universal small format container Precision-Therapy drug delivery device.  This device will typically deliver up to approximately 3 mL of a viscous large molecule biologic subcutaneously into human patients.  This product will allow the Debtors to market a generalized delivery system to customers that do not wish to engage in substantive customization and allow for faster entry into clinical trials.

   b.  <u>Large Format Precision-Therapy Development</u>:

    i.  <u>Operational Target Deliverable</u>: Completion of Design Freeze Review for tooling suitability and release.

    ii.  <u>Description</u>:  Building on the testing and container development of their large format platform, the Debtors intend to expand their large platform Precision-Therapy portfolio further by developing device sub-systems and performing universal system level verification on its platform device.  This large format platform will typically be used to deliver therapies up to approximately 10 mL of a viscous large molecule biologic subcutaneously into human patients.

   c.  <u>Flex-Mini Development</u>:

    i.  <u>Operational Target Deliverable</u>: Completion of the Phase I Design History File consistent with Unlife's 21 C.F.R. 820.30 compliant Quality Management System for the Debtors' Flex-Mini drug delivery device.

    ii.  <u>Description</u>:  The Flex-Mini platform provides a unique opportunity to deliver small volumes of drug to patients with flexible use models.  Continuing to deliver

2

| | on key customer deliverables and defining the path to commercial deliverables will be critical for the success of the Flex-Mini platform.  Phase I completion is a critical next step in advancing this device platform. |
|---|---|
| Incentive Bonuses | As soon as reasonably practicable, following the last of the Incentive Targets to be achieved, each Eligible Employee will receive a lump sum incentive bonus payment as set forth on Attachment A hereto. |
| Payment Process | Payments of incentive bonuses under the KEIP will be made in a lump sum cash payment as soon as practicable following the closing of a Sale or a restructuring pursuant to a confirmed plan of reorganization so long as the Eligible Employee is actually employed by the Debtors on the closing date or confirmation date and all Incentive Targets have been achieved. |
| Effect of Termination of Employment Prior to Meeting all Incentive Targets | Upon the involuntary termination of employment of an Eligible Employee by the Debtors for cause, or the voluntary termination of employment by an Eligible Employee for any reason, the right to any amounts under the KEIP that otherwise may be owing to such Eligible Employee will be forfeited on the date of such employment termination and such Eligible Employee will have no further rights under the KEIP. |
| Prior Employment and Severance Agreements of Eligible Employees | As a condition to receiving a payment under the KEIP, an Eligible Employee must execute a release in a form acceptable to the Debtors and, in so doing, waive his or her right to separation payments, severance and salary continuation arrangements, and post-employment benefits, including any such rights provided in any employment agreement between the Debtors and the Eligible Employee.  For the sake of clarity, any employment agreement with an Eligible Employee is not being rejected under this Motion. |
| No Promise of Continued Employment | The KEIP, and any Eligible Employee's selection as a participant in the KEIP, does not, and is in no manner intended to constitute, a promise of employment for any period of time. |
| Taxes | All payments made pursuant to the KEIP shall be subject to applicable taxes and standard withholding and deductions as |

| | determined by the Debtors. Neither the Debtors nor its officers or agents makes or has made any representation about the tax consequences of any payments made or offered to any Eligible Employee under the KEIP. |
|---|---|

## ATTACHMENT A TO KEIP TERM SHEET

| Employee | KEIP Bonus Amount |
|---|---|
| John Ryan | $337,500 |
| Ian Hanson | $262,500 |
| Stephanie Walters | $217,500 |
| Rick Bente | $210,000 |