IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| UNILIFE CORPORATION, *et al.*,[1] | ) | Case No. 17-10805 (LSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## MOTION TO SHORTEN NOTICE OF HEARING REGARDING DEBTORS' MOTION FOR APPROVAL OF KEY EMPLOYEE INCENTIVE PLAN

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), by and through their undersigned counsel, hereby move for the entry of an order shortening notice of the hearing (the "Motion to Shorten") regarding the *Debtors' Motion for Approval of Key Employee Incentive Plan* (the "Motion") filed contemporaneously herewith.[2] In support of the Motion to Shorten, the Debtors respectfully state as follows:

### JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Debtors confirm their consent pursuant to Local Rule 9013-1(f) to the entry of a final order by the Bankruptcy Court in connection with this Motion to the extent that it is later determined that the Bankruptcy

---

[1] The Debtors in these Chapter 11 cases are the following entities (the last four digits of each Debtor's respective federal tax identification number, if any, follow in parentheses): Unilife Corporation (9354), Unilife Medical Solutions, Inc. (9944), Unilife Cross Farm LLC (3994). The Debtors' corporate headquarters and the mailing address for each Debtor is 250 Cross Farm Lane, York, PA 17406.

[2] Unless otherwise defined herein, capitalized terms shall have the meanings given in the Motion.

Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested herein are Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 9006-1 of the Local Rules of Bankruptcy Practice and Procedure for the Bankruptcy Court (the "Local Rules")

## BACKGROUND

5. On April 12, 2017 (the "Petition Date"), the Debtors each filed with this Bankruptcy Court a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are continuing to operate their businesses and manage their affairs as debtors in possession. An official committee of unsecured creditors has not yet been appointed by the Office of the United States Trustee.

6. The factual background relating to the Debtors' commencement of these Chapter 11 cases is set forth in detail in the *Declaration of John Ryan in Support of the Debtors' Chapter 11 Petitions and First Day Relief* [D.I. No. 5] (the "First Day Declaration").

7. By the Motion filed contemporaneously with this Motion to Shorten, the Debtors seek entry of an order approving a proposed key employee incentive program (the "KEIP") with respect to four (4) key executives (the "Eligible Employees") designed to incentivize such employees to work diligently with the Debtors, creditors, and all parties to the bankruptcy proceeding so that the Debtors are able to maximize recoveries to creditors through these Chapter 11 proceedings. Time is of the essence for the relief sought by the Motion as the Eligible Employees hold critical operational, leadership and/or corporate management positions

within the Debtors' business and it is imperative that the Eligible Employees are properly incentivized through the KEIP to maximize the value of the Debtors' estates for the benefit of their creditors and other stakeholders.

## RELIEF REQUESTED

8. The Debtors request that this Bankruptcy Court enter an order, substantially in the form attached hereto as Exhibit "A": (a) shortening the notice period for approval of the relief sought by the Motion, pursuant to Bankruptcy Rule 9006 and Local Rule 9006-1(c) and (e); (b) setting a hearing on the relief sought by the Motion on May 8, 2017 at 10:00 a.m.; and (c) requiring that any objections to the relief sought by the Motion must be filed and served so as to be received by May 5, 2017 at 4:00 p.m.

## BASIS FOR RELIEF

9. Local Rule 9006-1(c)(i) provides, "Unless the Fed. R. Bankr. P. or these Local Rules state otherwise, all motion papers shall be filed and served in accordance with Local Rule 2002-1(b) at least eighteen (18) days (twenty-one (21) days if service is by first class mail; nineteen (19) days if service is by overnight delivery) prior to the hearing." Local Rule 9006-1(c)(ii) provides, "Where a motion is filed and served in accordance with Local Rule 9006-1(c)(i), the deadline for objection(s) shall be no later than seven (7) days before the hearing date."

10. Pursuant to Local Rule 9006-1(e), "No motion will be scheduled on less notice than required by these Local Rules or the Fed. R. Bankr. P. except by order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice. The Court will rule on such motion promptly without need for a hearing."

11. The Debtors' DIP Lender supports this request, and counsel for Amgen and the U.S. Trustee have already been made aware of the Debtors' intention to file the Motion. Moreover, the Debtors are requesting a shortening of the objection deadline by just 4 days and are requesting a shortening of notice for the hearing by 8 days from the notice required under the applicable rules.

12. Here, there is ample cause to grant this Motion to Shorten for the reasons stated herein. The Debtors are concerned that the Eligible Employees will accept other more lucrative and stable employment opportunities if the KEIP is not considered and approved on an expedited basis. Further, it is vital that the Eligible Employees are properly incentivized to meet the Incentive Targets set forth in the Motion through approval of the KEIP on an expedited basis.

13. The Debtors respectfully request that the Bankruptcy Court schedule an expedited hearing on the Motion on the currently scheduled hearing date on May 8, 2017 at 10:00 A.M. with objections due by May 5, 2017 at 4:00 P.M. The Debtors believe that this modest shortening of the notice period properly balances the Debtors and Eligible Employees' need on the one hand for certainty with the rights of parties-in-interest to be heard on the merits of the Motion.

## NOTICE

14. This Motion to Shorten has been served on (the "Service Parties"): (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to ROS Acquisition Offshore LP; (iii) counsel to Amgen; (iv) any party that has requested notice under Bankruptcy Rule 2002(i); and (v) the 20 largest unsecured creditors in these cases on a consolidated basis.

In light of the nature of the relief requested herein, the Debtors submit that no other or further notice need be given.

WHEREFORE, the Debtors respectfully requests entry of an order, in substantially the form attached hereto as Exhibit "A": (i) shortening the notice period and setting a hearing on the Motion for May 8, 2017 at 10:00 a.m.; (ii) fixing the deadline for the filing of objections to the Motion as May 5, 2017 at 4:00 p.m.; and (iii) providing such further relief as may be appropriate.

Dated: April 25, 2017

**COZEN O'CONNOR**

_____
Mark E. Felger (No. 3919)
Keith L. Kleinman (No. 5693)
1201 N. Market St., Ste. 1001
Wilmington, DE 19801
Telephone: (302) 295-2000
Facsimile: (302) 295-2013
mfelgerf@cozen.com
kkleinman@cozen.com

*Proposed Counsel for the Debtors and Debtors in Possession*