## **Exhibit 1 to Bidding Procedures Order**

**Bidding Procedures**

LEGAL\301973326\2

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| UNILIFE CORPORATION, *et al.,*[1] | ) | Case No. 17-10805 (LSS) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

## BIDDING PROCEDURES

Set forth below are the bidding procedures (the "Bidding Procedures")[2] to be employed with respect to the proposed sale (the "Sale") of substantially all of the assets and operations of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"). It is contemplated that the Sale may be implemented through a purchase agreement, subject to the receipt of higher and better bids at an auction (the "Auction") and the corresponding entry into a sale agreement with a Successful Bidder (as defined below) according to these Bidding Procedures.

### I.    Important Dates

(All times are prevailing Eastern Time)

| Date | Time | Event Description |
|---|---|---|
| May 23, 2017 | n/a | Debtors to send Cure and Possible Assumption and Assignment Notices to All Contract Counterparties and Sale Notices |
| June 5, 2017 | 4:00 p.m. | Contract Objection Deadline |
| June 8, 2017 | 10:00 a.m. | Deadline to submit Bid to be considered for the Auction |
| June 9, 2017 | 10:00 a.m. | Proposed date of Auction |
| June 12, 2017 | 10:00 a.m. | Debtors to file notice of Successful Bidder and Contract Assignment |
| June 5, 2017 | 4:00 p.m. | Deadline to file and serve objections to relief requested at Sale Hearing (except for any objection that arises out of the conduct of the Auction) |
| June 12, 2017 | 10:00 a.m. | Proposed date of Sale Hearing |

---

[1] The Debtors in these chapter 11 cases are the following entities (the last four digits of each Debtor's respective federal tax identification number, if any, follow in parentheses): Unilife Corporation (9354), Unilife Medical Solutions, Inc. (9944), and Unilife Cross Farm LLC (3994). The Debtors' corporate headquarters and the mailing address for each Debtor is 250 Cross Farm Lane, York, PA 17406.

[2] Capitalized terms used as defined terms herein but not otherwise defined have the meanings ascribed to them in the Bidding Procedures Order.

## II.    Approval of Bidding Procedures

On May __, 2017, the Bankruptcy Court entered an order approving these bidding procedures (these "Bidding Procedures" and such order, the "Bidding Procedures Order"), in furtherance of the Sale. The Bankruptcy Court has jurisdiction with respect to any dispute that may arise with respect to these Bidding Procedures. These Bidding Procedures set forth the process (the "Bidding Process") by which the Debtors are authorized to conduct the Auction for the Sale of their Assets.

## III.    Marketing Process

### A.    Contact Parties

The Debtors, in consultation with SSG Capital Advisors, LLC ("SSG") and other advisors developed a list of parties who the Debtors believe may potentially be interested in, and who the Debtors reasonably believe would have the financial resources to consummate, a Sale, which list includes both potential strategic investors and liquidators (each, individually, a "Contact Party", and collectively, the "Contact Parties"). SSG has or will contact the Contact Parties to explore their interest in pursuing a Sale. The Contact Parties may include parties whom the Debtors or their advisors have previously contacted regarding a potential Sale, regardless of whether such parties expressed any interest, at such time, in pursuing a Sale. The Debtors will continue to discuss and may supplement the list of Contact Parties throughout the marketing process, as appropriate.

The Debtors may distribute to each Contact Party an "Information Package," which is comprised of:

(a)    a cover letter;

(b)    a copy of these Bidding Procedures; and

(c)    a copy of a confidentiality agreement (the "Confidentiality Agreement").

### B.    Access to Diligence Materials

To participate in the Bidding Process and to receive access to any materials relating to the Assets (the "Diligence Materials"), a party must submit to the Debtors an executed Confidentiality Agreement (it being understood that any person or entity that previously signed a confidentiality agreement in a form satisfactory to the Debtors that remains effective shall not be required to execute a new confidentiality agreement). The executed Confidentiality Agreement must be signed and transmitted by the person or entity wishing to have access to the Debtors' data room (the "Data Room") and any other Diligence Materials.

A party who qualifies for access to the Diligence Materials shall be a "Preliminarily Interested Investor." All due diligence requests must be directed to SSG at the following address: SSG Capital Advisors, LLC, Five Tower Bridge, Suite 420, 300 Barr Harbor Drive, West Conshohocken, PA 19428, Attn: J. Scott Victor (jsvictor@ssga.com).

For any Preliminary Interested Investor who is a competitor of the Debtors or is affiliated with any competitor of the Debtors, the Debtors reserve the right to withhold any Diligence Materials that the Debtors determine are business-sensitive or otherwise not appropriate for disclosure to such Preliminary Interested Investor.

## C.    *Auction Qualification Process*

To be eligible to participate in the Auction, each offer, solicitation or proposal (each, a "Bid"), and each party submitting such a Bid (each, a "Bidder"), must be determined by the Debtors, to satisfy each of the following conditions:

(1)    **Good Faith Deposit:** Each Bid must be accompanied by a deposit in the amount of ten percent (10%) of the Bid's proposed purchase price to a non-interest bearing escrow account to be identified and established by the Debtors (the "Good Faith Deposit").

(2)    **Terms:** A Bid must include executed transaction documents pursuant to which the Bidder proposes to effectuate the Sale, including an assets purchase agreement (the "Transaction Documents"). A Bid should propose a transaction involving substantially all, or a portion of, the Debtors' Assets or operations. The Debtors shall evaluate all Bids to determine whether such Bid(s) maximizes the value of the Debtors' estates as a whole. The Transaction Documents shall also identify any executory contracts and unexpired leases of the Debtors that the Bidder wishes to have assumed and assigned to it pursuant to the Sale (collectively, the "Assigned Contracts"). The Debtors will consider proposals for less than substantially all of the Debtors' assets or operations. A Bid to purchase only certain assets of the Debtors shall propose a purchase price determined by such Bidder but shall be reviewed by the Debtors to determine if it is acceptable in consultation with ROS (subject to section IV.G below), and any official committee of unsecured creditors appointed in these cases (a "UCC") (together, "the Consultation Parties").

(3)    **Corporate Authority:** Written evidence reasonably acceptable to the Debtors demonstrating appropriate corporate authorization to consummate the proposed transaction; *provided, however,* that, if the Bidder is an entity specially formed for the purpose of effectuating the transaction, then the Bidder must furnish written evidence reasonably acceptable to the Debtors of the approval of the transaction by the equity holder(s) of such Bidder.

(4)    **Proof of Financial Ability to Perform:** Written evidence that the Debtors reasonably conclude demonstrates that the Bidder has the necessary financial ability to close the transaction and provide adequate assurance of future performance under all contracts to be assumed and assigned in such transaction. Such information should include, *inter alia*, the following:

(a)    contact names and numbers for verification of financing sources;

(b)    evidence of the Bidder's internal resources and proof of any debt or equity funding commitments that are needed to close the transaction;

(c)     the Bidder's current financial statements (audited if they exist); and

(d)     any such other form of financial disclosure or credit-quality support information or enhancement reasonably acceptable to the Debtors demonstrating that such Bidder has the ability to close the transaction; *provided, however*, that the Debtors shall determine, in their reasonable discretion, in consultation with the Debtors' advisors, whether the written evidence of such financial wherewithal is reasonably acceptable, and shall not unreasonably withhold acceptance of a Bidder's financial qualifications.

(5)    **Contingencies:** A Bid may not be conditioned on obtaining financing or any internal approval, or on the outcome or review of due diligence, but may be subject to the accuracy in all material respects at the closing of specified representations and warranties.

(6)    **Irrevocable:** A Bid must be irrevocable through the Auction; *provided, however,* that if such Bid is accepted as the Successful Bid or the Backup Bid (as defined herein), such bid shall continue to remain irrevocable, subject to the terms and conditions of the Bidding Procedures.

(7)    **Disclaimer of Fees.** Each Bid (other than a Stalking Horse Bid, if any) must disclaim any right to receive a fee analogous to a break-up fee, expense reimbursement, termination fee, or any other similar form of compensation. For the avoidance of doubt, no Bidder will be permitted to request, nor be granted by the Debtors, at any time, whether as part of the Auction or otherwise, a break-up fee, expense reimbursement, termination fee, or any other similar form of compensation, *except* as the Debtors may agree with a Stalking Horse Bidder pursuant to the Bidding Procedures Order. By submitting its Bid, each bidder is agreeing to refrain from and waive any assertion or request for reimbursement on any basis, including pursuant to section 503(b) of the Bankruptcy Code.

(8)    **Bid Deadline:** Regardless of when a party qualifies as a Preliminarily Interested Investor, the Debtors must receive a Bid in writing, on or before June 8, 2017 **at** 10:00 a.m. (prevailing Eastern Time) or such later date as may be agreed to by the Debtors (the "Bid Deadline"). Bids must be sent to the following by the Bid Deadline to be considered: (i) proposed counsel for the Debtors, Cozen O'Connor, 1201 North Market Street, Suite 1001 Wilmington, Delaware 19801 Attn: Mark E. Felger (mfelger@cozen.com) and Cozen O'Connor, 277 Park Avenue, New York, NY 10172 Attn: Frederick E. Schmidt, Jr. (eschmidt@cozen.com); (ii) counsel to ROS, Pachulski Stang Ziehl & Jones, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA 90067, Attn.: Jeffrey H. Davidson (jdavidson@pszjlaw.com), and Pachulski Stang Ziehl & Jones, 150 California Street, 15th Floor, San Francisco, CA 94111-4500, Attn: Henry C. Kevane (hkevane@pszjlaw.com); and (iii) SSG Capital Advisors, LLC, Five Tower Bridge, Suite 420, 300 Barr Harbor Drive, West Conshohocken, PA 19428, Attn: J. Scott Victor (jsvictor@ssga.com).

A Bid received from a Bidder before the Bid Deadline that meets the above requirements shall constitute a "Qualified Bid," and such Bidder shall constitute a "Qualified Bidder."

### D.    Credit Bid by ROS or Amgen

ROS Acquisition Offshore LP ("ROS") and Amgen, Inc. ("Amgen") shall each be deemed to be Qualified Bidders and are not required to make any Good Faith Deposit to the extent of their Credit Bid. If any Credit Bid also contains a cash component, such bidder shall be required to post a Good Faith Deposit in the amount of 10% of the cash component of such bid. ROS and Amgen may each participate in the Auction and may each credit bid in respect of its respective collateral at any time, and from time-to-time, up to the conclusion of the Auction, in their sole and absolute discretion, any portion and up to the entire amount of its respective secured claims, including, without limitation, both its prepetition claims and in the case of ROS, all obligations under the DIP Order, at any time on any individual Asset, portion of the Assets, or all Assets constituting its respective Collateral (as defined in the DIP Order) in conjunction with any sale of the Debtors' Assets (a "Credit Bid"). Upon exercise of a Credit Bid, neither ROS nor Amgen shall be required to take title to or ownership of, or have any obligation in connection with (in each case, legal, equitable, or otherwise), or be deemed to have taken title to or ownership of, or have any obligation in connection with (in each case, legal, equitable, or otherwise), any individual Asset, portion of the Assets, or all of the Assets that are the subject of such Credit Bid, and ROS and Amgen shall each have the right to designate any person or entity in its sole and absolute discretion that shall take title to the individual Asset, portion of the Assets, or all of the Assets that are the subject of such Credit Bid. In the event that ROS and/or Amgen exercises a Credit Bid, and the amount of the Credit Bid of ROS and/or Amgen exceeds the total amount of the highest Qualified Bid for the Assets subject to the Credit Bid, such Credit Bid will be deemed the highest and best bid, and such Credit Bid will be accepted by the Debtors and be presented for approval to the Bankruptcy Court. ROS and/or Amgen will not be a Backup Bidder (as defined below) unless it consents in writing otherwise.

### IV.    Auction

If one or more Qualified Bids is received by the Bid Deadline (other than a Credit Bid), the Debtors will conduct the Auction to determine the highest and best Qualified Bid. This determination shall take into account any factors the Debtors, in consultation with ROS and any UCC, reasonably deem relevant to the value of the Qualified Bid to the estates, including, *inter alia,* the following: (a) the amount and nature of the consideration; (b) the proposed assumption of any liabilities and/or executory contracts or unexpired leases, if any; (c) the ability of the Qualified Bidder to close the proposed Transaction; (d) the proposed closing date and the likelihood, extent and impact of any potential delays in closing; (e) any purchase price adjustments; (f) the impact of the Transaction on any actual or potential litigation; and (g) the net after-tax consideration to be received by the Debtors' estates (collectively, the "Bid Assessment Criteria"). If no Qualified Bid (other than a Credit Bid) is received by the Bid Deadline, the Debtors may determine not to conduct the Auction.

The Auction shall take place on **June 9, 2017 at 10:00 a.m. (prevailing Eastern Time)**, at the offices of Debtors' proposed counsel, Cozen O'Connor, 1201 North Market Street, Suite 1001 Wilmington, Delaware 19801, or at such later time on such day or at such other place as the

Debtors shall notify all Bidders who have submitted Qualified Bids. The Auction will be conducted openly, and creditors of the Debtors will be permitted to attend after providing at least 24 hours' notice of their intention to attend the Auction to the Debtors' counsel. While creditors may attend the Auction, only bidders will be permitted to participate. The Auction shall be transcribed or videotaped, and shall be conducted according to the following procedures:

### A.    The Debtors Shall Conduct the Auction.

The Debtors and their professionals shall direct and preside over the Auction. At the start of the Auction, the Debtors shall describe the terms of the highest and best Bid(s) received, such Qualified Bid(s) (the "Auction Baseline Bid"). Depending on the Bids received prior to the Auction, the Debtors' Assets may be auctioned both in lots and for all of the Assets in bulk at the Auction to determine the highest and best Bid(s).

All Bids made thereafter shall be Overbids (as defined below), and shall be made and received on an open basis, and all material terms of each Overbid shall be fully disclosed to all Bidders who have submitted Qualified Bids. The Debtors shall maintain a transcript of all bids made and announced at the Auction, including the Auction Baseline Bid and all Overbids.

### B.    Terms of Overbids.

An "Overbid" is any Qualified Bid made at the Auction subsequent to the Debtors' announcement of the Auction Baseline Bid. To submit an Overbid for purposes of this Auction, a Qualified Bidder must comply with the following conditions:

### (1)    Minimum Overbid Increment.

Any Overbid after the Auction Baseline Bid shall be made in increments of at least **$100,000** (the "Minimum Overbid Increment") for a bid for all of the Debtors' Assets, and in an amount to be determined by the Debtors at the Auction, for lots; *provided* that the Debtors shall retain the right to modify the bid increment requirements downward at the Auction. The Debtors shall further retain the right, but only with the consent of all Qualified Bidders present at the auction, to adjust the bid increments upward. In the event that a Stalking Horse Bidder is chosen prior to the Auction and, subject to Court approval, granted a Break-Up Fee and/or Expense Reimbursement, the initial Minimum Overbid Increment shall be at least $100,000 plus the combined amount of any Break-Up Fee and Expense Reimbursement. Additional consideration in excess of the amount set forth in the Auction Baseline Bid may include only cash, the assumption of debt or marketable securities, or a credit bid under section 363(k) of the Bankruptcy Code of an allowed secured claim, in any combination.

### (2)    Remaining Terms are the Same as for Qualified Bids.

Except as modified herein, an Overbid must comply with the conditions for a Qualified Bid set forth above; *provided, however*, that the Bid Deadline shall not apply. Any Overbid must remain open and binding on the Bidder until and unless the Debtors accept a higher Overbid. To the extent not previously provided (which shall be determined by the Debtors), a Bidder submitting an Overbid must submit, as part of its Overbid, written evidence (in the form of financial disclosure

6

or credit-quality support information or enhancement reasonably acceptable to the Debtors) demonstrating such Bidder's ability to close the transaction proposed by such Overbid.

### (3)    Announcing Overbids.

The Debtors shall announce at the Auction the material terms of each Overbid, the basis for calculating the total consideration offered in each such Overbid and the resulting benefit to the Debtors' estate based on, *inter alia*, the Bid Assessment Criteria.

### (4)    Consideration of Overbids.

The Debtors reserve the right, in their reasonable business judgment, to make one or more adjournments in the Auction to, among other things: facilitate discussions between the Debtors and individual Bidders; allow individual Bidders to consider how they wish to proceed; and give Bidders the opportunity to provide the Debtors with such additional evidence as the Debtors in their reasonable business judgment may require, that the Bidder has sufficient internal resources, or has received sufficient non-contingent debt and/or equity funding commitments, to consummate the proposed transaction at the prevailing Overbid amount.

### C.    No Collusion; Good-Faith Bona Fide Offer

Each Qualified Bidder participating at the Auction will be required to confirm on the record at the Auction that (i) it has not engaged in any collusion with respect to the Sale or bidding (including that it has no agreement with any other Bidder or Qualified Bidder to control the price) and (ii) it's Qualified Bid is a good-faith *bona fide* offer and it intends to consummate the proposed transaction if selected as the Successful Bidder.

### D.    Backup Bidder.

Notwithstanding anything in the Bidding Procedures to the contrary, if an Auction is conducted, the party with the next highest or otherwise best Qualified Bid(s) (other than a Credit Bidder, unless otherwise agreed in writing by such Credit Bidder) at the Auction, as determined by the Debtors, in the exercise of their business judgment, shall be required to serve as a backup bidder (the "Backup Bidder"). The Backup Bidder shall be required to keep its initial Bid (or if the Backup Bidder submitted one or more Overbids at the Auction, its final Overbid) (the "Backup Bid") open and irrevocable until the earlier of 5:00 p.m. (prevailing Eastern Time) on the date that is twenty (20) days after the date of the Sale Hearing (the "Outside Backup Date") or the closing of the transaction with the Successful Bidder. Following entry of the Sale Order, if the Successful Bidder fails to consummate an approved transaction because of a breach or failure to perform on the part of such Successful Bidder, the Debtors may designate the Backup Bidder to be the new Successful Bidder, and the Debtors will be authorized, but not required, to consummate the transaction with the Backup Bidder without further order of the Bankruptcy Court. In such case, the defaulting Successful Bidder's deposit, if any, shall be forfeited to the Debtors' estates, and the Debtors specifically reserve the right to seek all available damages from the defaulting Successful Bidder. The closing date to consummate the transaction with the Backup Bidder shall be no later than the later of twenty five (25) days after the date that the Debtors provide notice to the Backup Bidder that the Successful Bidder failed to consummate a sale and that the Debtors desire to consummate the transaction with the Backup Bidder. The deposit, if any, of the Backup

Bidder shall be held by the Debtors until the earlier of two (2) business days after (a) the closing of the Sale with the Successful Bidder and (b) the Outside Backup Date; *provided, however*, that in the event the Successful Bidder does not consummate the transaction as described above and the Debtors provide notice to the Backup Bidder, the Backup Bidder's deposit shall be held until the closing of the transaction with the Backup Bidder. In the event that the Debtors fail to consummate a transaction with the backup Bidder as described above, the Backup Bidder's deposit shall be forfeited to the Debtors' estates, and the Debtors specifically reserve the right to seek all available damages from the defaulting Backup Bidder.

### E.    Additional Procedures.

The Debtors may announce at the Auction additional procedural rules that are reasonable under the circumstances (*e.g.*, the amount of time to make subsequent Overbids) for conducting the Auction so long as such rules are not inconsistent with these Bidding Procedures.

### F.    Consent to Jurisdiction as Condition to Bidding.

All Qualified Bidders, and all Bidders at the Auction shall be deemed to have consented to the core jurisdiction of the Bankruptcy Court and waived any right to a jury trial in connection with any disputes relating to the Sale, including without limitation the Stalking Horse Agreement, the Auction or the construction and enforcement of any Transaction Documents.

### G.    Credit Bid Rights.

ROS and/or Amgen shall have the right to Credit Bid as set forth in section III.D above and in the Bidding Procedures Order. If there is a Stalking Horse Bidder, the Stalking Horse Bidder shall have the right (including as part of any Overbid) to credit bid all or a portion of the value of its Bid Protections (if any) for the assets pursuant to section 363(k) of the Bankruptcy Code. Holders of "Permitted Liens" (as defined in the DIP Order, shall have the right to Credit Bid as pursuant to Section 363(k) of the Bankruptcy Code. In the event that ROS submits a credit bid, the Debtors shall limit the consultation rights of such party to the extent, in the Debtors' opinion, necessary to avoid any undue advantage or conflict of interest with other bidders.

### H.    Closing the Auction.

The Auction shall continue until there is only one or more Qualified Bid(s) that the Debtors determine in their reasonable business judgment, after consultation with their financial and legal advisors and the Consultation Parties, is the highest and best Qualified Bid(s) at the Auction (the "Successful Bid" and the Bidder submitting such Successful Bid, the "Successful Bidder"). In making this decision, the Debtors, in consultation with their financial and legal advisors and any UCC, shall consider the Bid Assessment Criteria. The Auction shall not close unless and until all Bidders who have submitted Qualified Bids have been given a reasonable opportunity to submit an Overbid at the Auction to the then-existing Overbid and the Successful Bidder has submitted fully executed Transaction Documents memorializing the terms of the Successful Bid(s).

### I.    Break-Up Fee and Expense Reimbursement.

The Debtors reserve the right to seek Court approval, at an expedited hearing to be conducted on not less than three (3) days' notice to ROS, Amgen, the United States Trustee, any

LEGAL\301973262\2

UCC, and all parties having filed and served upon the Debtors a notice of appearance and request for service of documents, of certain bid protections to be offered to a Stalking Horse Bidder. If such bid protections are approved by the Court, and the Debtors enter into a Stalking Horse Agreement and the Stalking Horse Bidder attends the Auction with its Bid in place, and the Stalking Horse Purchaser is outbid, and the Successful Bidder is a party other than Stalking Horse Bidder, the Stalking Horse Bidder shall be entitled to receive, to the extent set forth in the Stalking Horse Agreement and approved by the Court: (i) a break-up fee (the "Break-Up Fee") not to exceed 3 percent of the total purchase price offered by the Stalking Horse Bidder in the Stalking Horse Agreement; and (ii) the reimbursement of the reasonable, actual, out-of-pocket costs and expenses paid or incurred by Stalking Horse Bidder directly incident to, under, or in connection with the negotiation, execution and performance under the Stalking Horse Agreement and the transactions contemplated thereunder (including travel expenses and reasonable fees and disbursements of outside counsel, accountants and financial advisors, excluding any charges for the time or services of the Stalking Horse Bidder's employees) in an amount not to exceed $250,000 in the aggregate (the "Expense Reimbursement").  To the extent hereafter approved by the Court, the Break-Up Fee and Expense Reimbursement, if any, shall be paid immediately upon consummation of the Sale transaction out of the proceeds of the Sale and shall have priority as an administrative expense in the Debtors' cases under Sections 503(b)(6) and 507(a) of the Bankruptcy Code. If the Stalking Horse Bidder is a secured creditor that is already entitled to credit bid, the Debtors do not intend to seek Court approval of any bid protections.

## V.    Procedures for Determining Cure Amounts and Adequate Assurance for Contract Counterparties to Assigned Contracts.

By May 23, 2017, the Debtors shall send a notice to each counterparty to an executory contract or unexpired lease (each a "Contract Counterparty") setting forth the Debtors' calculation of the cure amount, if any, that would be owing to such Contract Counterparty if the Debtors decided to assume or assume and assign such executory contract or unexpired lease, and alerting such Contract Counterparty that their contract may possibly be assumed and assigned to the Successful Bidder (the "Cure and Possible Assumption and Assignment Notice"), a copy of which is attached to the Bidding Procedures Order as Exhibit 3.  **Any Contract Counterparty that objects to the cure amount set forth in the Cure and Possible Assumption and Assignment Notice or the possible assumption and assignment of their executory contract or unexpired lease must file an objection (a "Contract Objection") on or before 4:00 p.m. prevailing Eastern Time on June 5, 2017,** which Contract Objection must be served on (i) proposed counsel for the Debtors, Cozen O'Connor, 1201 North Market Street, Suite 1001 Wilmington, Delaware 19801 Attn: Mark E. Felger (mfelger@cozen.com) and Cozen O'Connor, 277 Park Avenue, New York, NY 10172 Attn: Frederick E. Schmidt, Jr. (eschmidt@cozen.com);  and (ii) counsel to ROS, Pachulski Stang Ziehl & Jones, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA 90067, Attn.: Jeffrey H. Davidson (jdavidson@pszjlaw.com), and Pachulski Stang Ziehl & Jones, 150 California Street, 15th Floor, San Francisco, CA 94111-4500, Attn:   Henry C. Kevane (hkevane@pszjlaw.com), so that it is actually received no later than 4:00 p.m. prevailing Eastern Time on June 5, 2017. If a Contract Counterparty does not timely file and serve a Contract Objection, that party will be forever barred from objecting to (a) the Debtors' proposed cure amount, or (b) the assumption and assignment of that party's executory contract or unexpired lease to the Successful Bidder.  Where a Contract Counterparty to an Assigned Contract files a timely Contract Objection asserting a higher cure amount than the amount listed in the Cure and Possible

Assumption and Assignment Notice, or an objection to the possible assumption and assignment of that Contract Counterparty's executory contract or unexpired lease, and the parties are unable to consensually resolve the dispute, the amount to be paid under section 365 of the Bankruptcy Code (if any) or, as the case may be, the Debtors' ability to assume and assign the executory contract or unexpired lease to the Successful Bidder will be determined at the Sale Hearing.

## VI.    Sale Hearing

The Bankruptcy Court has scheduled a hearing (the "Sale Hearing") on June 12, 2017, at 10:00 a.m. (prevailing Eastern Time), at which hearing the Debtors will seek approval of the Sale with the Successful Bidder. **Objections to the sale of the Assets to the Successful Bidder or Back-Up Bidder must be filed and served so that they are actually received by the Debtors no later than 4:00 p.m. (prevailing Eastern Time) on June 5, 2017** (except for any objection that arises at the Auction) on the following: (i) proposed counsel for the Debtors, Cozen O'Connor, 1201 North Market Street, Suite 1001 Wilmington, Delaware 19801 Attn:  Mark E. Felger (mfelger@cozen.com) and Cozen O'Connor, 277 Park Avenue, New York, NY 10172 Attn: Frederick E. Schmidt, Jr. (eschmidt@cozen.com); (ii) counsel to ROS, Pachulski Stang Ziehl & Jones, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA 90067, Attn.: Jeffrey H. Davidson (jdavidson@pszjlaw.com), and Pachulski Stang Ziehl & Jones, 150 California Street, 15th Floor, San Francisco, CA 94111-4500, Attn:  Henry C. Kevane (hkevane@pszjlaw.com); and (iii) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Ste. 2008 – Lockbox #35, Wilmington, DE 19801, Attn: Mark Kenney (Mark.Kenney@usdoj.gov).

## VII.    Return of Good Faith Deposit

The Good Faith Deposits of all Qualified Bidders shall be held in one or more non-interest bearing escrow accounts by the Debtors, but shall not become property of the Debtors' estates absent further order of the Court.  The Good Faith Deposits of any Qualified Bidder that is neither the Successful Bidder nor the Backup Bidder shall be returned to such Qualified Bidder not later than two (2) business days after the Sale Hearing.  The Good Faith Deposit of the Backup Bidder shall be returned to the Backup Bidder on the date that is the earlier of (i) two (2) business days after the Acquired Assets have been sold pursuant to the closing of a sale approved by the Bankruptcy Court and (ii) twenty (20) days after conclusion of the Sale Hearing *provided, however,* that in the event the Successful Bidder does not consummate the transaction as described above and the Debtors provide notice to the Backup Bidder, the Backup Bidder's deposit shall be held until the closing of the transaction with the Backup Bidder.  If the Successful Bidder timely closes the winning transaction, its Good Faith Deposit shall be credited towards its purchase price.

## VIII.    Reservation of Rights

The Debtors reserve their rights to modify these Bidding Procedures in their reasonable business judgment in any manner that will best promote the goals of the bidding process or impose, at or prior to the Auction, additional customer terms and conditions on the sale of the Assets, including, without limitation: (a) extending the deadlines set forth in these Bidding Procedures; (b) adjourning the Auction at the Auction and/or adjourning the Sale Hearing (as defined below) in open court without further notice; (c) reopening the Auction to consider further Bids or Overbids; (d) adding procedural rules that are reasonably necessary or advisable under the

circumstances for conducting the Auction (*e.g.*, the amount of time to make subsequent overbids, whether a non-conforming Bid constitutes a Qualified Bid); (e) canceling the Auction; and (f) rejecting any or all Bids or Qualified Bids; *provided, however*, that nothing herein modifies, nor shall be deemed consent by ROS to any modification of, the 363 Sale Milestones set forth in the DIP Term Sheet or any other term, condition, provision, or milestone set forth in the DIP Order or the DIP Loan Documents (as defined in the DIP Orders). Notwithstanding the foregoing and subject in all respects to the Stalking Horse Agreement, if any, the Debtors may not impair or modify the Stalking Horse Bidder's rights and obligations under the Stalking Horse Agreement or the Stalking Horse Bidder's right to credit bid the Bid Protections as part of any Bid at the Auction.

# Exhibit 2 to Bidding Procedures Order

**Sale Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| UNILIFE CORPORATION, *et al.,*[1] | ) | Case No. 17-10805 (LSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF BID PROCEDURES,
AUCTION, HEARING AND DEADLINES RELATING
TO THE SALE OF SUBSTANTIALLY ALL OF THE ASSETS OF THE DEBTORS**

**PLEASE TAKE NOTICE** that on April 12, 2017, Unilife Corporation, Unilife Medical Solutions, Inc., and Unilife Cross Farm, LLC, (collectively, the "Debtors") in the above-captioned cases (the "Bankruptcy Cases"), filed a *Motion of the Debtors for Entry of (I) an Order (A) Approving Bidding Procedures in Connection with the Sale of Substantially All of the Debtors' Assets, (B) Approving the Form and Manner of Notice thereof, (C) Scheduling an Auction and Sale Hearing, (D) Approving Procedures for the Assumption and Assignment of Contracts, and (E) Granting Related Relief; and (II) an Order (A) Approving the Asset Purchase Agreement Between the Debtors and the Successful Bidder, and (B) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of Liens, Claims, Encumbrances, and Interests, (C) Authorizing the Assumption and Assignment of Contracts, and (D) Granting Related Relief* [Docket No. 16] (the "Bidding Procedures and Sale Motion").[2]

The Debtors seek to complete a sale (the "Transaction") of substantially all their assets (the "Transferred Assets") to a prevailing bidder or bidders (the "Successful Bidder") at an auction free and clear of all liens, claims, encumbrances and other interests pursuant to section 363 of the Bankruptcy Code (the "Auction").

**PLEASE TAKE FURTHER NOTICE** that, on May ___, 2017 the Bankruptcy Court entered an order [Docket No. ___] (the "Bidding Procedures Order") approving the bidding procedures set forth in the Bidding Procedures and Sale Motion (the "Bidding Procedures"), which set the key dates and times related to the sale of the Debtors' Transferred Assets under the asset purchase agreement with the Successful Bidder. **All interested bidders should carefully read the Bidding Procedures**. To the extent that there are any inconsistencies between the Bidding Procedures and the summary description of its terms and conditions contained in this notice, the terms of the Bidding Procedures shall control.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Bidding Procedures, the Debtors must receive a Qualified Bid from interested bidders in writing, on or before **June 8, 2017**

---

[1] The Debtors in these chapter 11 cases are the following entities (the last four digits of each Debtor's respective federal tax identification number, if any, follow in parentheses): Unilife Corporation (9354), Unilife Medical Solutions, Inc. (9944), and Unilife Cross Farm LLC (3994). The Debtors' corporate headquarters and the mailing address for each Debtor is 250 Cross Farm Lane, York, PA 17406.

[2] Capitalized terms not otherwise defined herein shall have the meanings set forth in the Bidding Procedures and Sale Motion.

at **10:00 a.m. (prevailing Eastern Time)** or such later date as may be agreed to by the Debtors (the "Bid Deadline").  To be considered, Qualified Bids must be sent to the following at or before the Bid Deadline: (i) proposed counsel for the Debtors, Cozen O'Connor, 1201 North Market Street, Suite 1001 Wilmington, Delaware 19801 Attn:  Mark E. Felger (mfelger@cozen.com) and Cozen O'Connor, 277 Park Avenue, New York, NY 10172 Attn:  Frederick E. Schmidt, Jr. (eschmidt@cozen.com); (ii) counsel to ROS, Pachulski Stang Ziehl & Jones, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA 90067, Attn.: Jeffrey H. Davidson (jdavidson@pszjlaw.com), and Pachulski Stang Ziehl & Jones, 150 California Street, 15th Floor, San Francisco, CA 94111-4500, Attn:  Henry C. Kevane (hkevane@pszjlaw.com); and (iii) SSG Capital Advisors, LLC, Five Tower Bridge, Suite 420, 300 Barr Harbor Drive, West Conshohocken, PA 19428, Attn:  J. Scott Victor (jsvictor@ssga.com).

      **PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Bidding Procedures, if the Debtors receive one or more Qualified Bids (other than a Credit Bid) by the Bid Deadline, the Auction will be conducted on **June 9 at 10:00 a.m.** (prevailing Eastern Time) at the offices of Debtors' proposed counsel, Cozen O'Connor, 1201 North Market Street, Suite 1001 Wilmington, Delaware 19801, or at such other place, date and time as may be designated by the Debtors.

      **PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Bidding Procedures, the Debtors have designated certain Assigned Contracts that may be possibly assumed or assumed and assigned to the Successful Bidder.  By May 23, 2017, the Debtors shall send a notice to each counterparty to an Assigned Contract setting forth the Debtors' calculation of the cure amount, if any, that would be owing to such counterparty if the Debtors decided to assume or assume and assign such Assigned Contract, and alerting such non-debtor party that their contract may possibly be assumed and assigned to the Successful Bidder (the "Cure and Possible Assumption and Assignment Notice").

      **PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Bidding Procedures, any counterparty that objects to the cure amount set forth in the Cure and Possible Assumption and Assignment Notice or the possible assumption and assignment of their Assigned Contract(s) must file with the Bankruptcy Court and serve an objection (a "Cure or Assignment Objection") so that it is actually received on or before **4:00 p.m. prevailing Eastern Time on June 5, 2017,** by (i) proposed counsel for the Debtors, Cozen O'Connor, 1201 North Market Street, Suite 1001 Wilmington, Delaware 19801 Attn: Mark E. Felger (mfelger@cozen.com) and Cozen O'Connor, 277 Park Avenue, New York, NY 10172 Attn:  Frederick E. Schmidt, Jr. (eschmidt@cozen.com); (ii) counsel to ROS, Pachulski Stang Ziehl & Jones, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA 90067, Attn.: Jeffrey H. Davidson (jdavidson@pszjlaw.com), and Pachulski Stang Ziehl & Jones, 150 California Street, 15th Floor, San Francisco, CA 94111-4500, Attn:  Henry C. Kevane (hkevane@pszjlaw.com); (iii) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Ste. 2008 – Lockbox #35, Wilmington, DE 19801, Attn: Mark S. Kenney (Mark.Kenney@usdoj.gov); and (iv) the Clerk of the Bankruptcy Court for the District of Delaware, 824 North Market Street, 3rd Floor, Wilmington, DE 19801. Where a counterparty to an Assigned Contract files a timely Cure or Assignment Objection asserting a higher cure amount than the amount listed in the Cure and Possible Assumption and Assignment Notice, or an objection to the possible assignment of that counterparty's Assigned Contract, and the parties are unable to consensually resolve the dispute,

the amount to be paid under section 365 of the Bankruptcy Code (if any) or, as the case may be, the Debtors' ability to assume and assign the Assigned Contract to the Successful Bidder will be determined at the Sale Hearing (as defined below).

**PLEASE TAKE FURTHER NOTICE** that a hearing will be held to approve the sale of the Transferred Assets to the Successful Bidder (the "Sale Hearing") before the Honorable Laurie Selber Silverstein, U.S. Bankruptcy Court for the District of Delaware, 824 Market Street, Wilmington, Delaware 19801, 6th Floor, Courtroom #2, on **June 12, 2017 at 10:00 a.m.** (prevailing Eastern Time), or at such time thereafter as counsel may be heard or at such other time as the Bankruptcy Court may determine. The Sale Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing or on the agenda for such Sale Hearing. Objections to the sale of the Transferred Assets to the Successful Bidder must be filed and served so that they are received no later than 4:00 p.m. (prevailing Eastern Time) on **June 5, 2017** by (i) proposed counsel for the Debtors, Cozen O'Connor, 1201 North Market Street, Suite 1001 Wilmington, Delaware 19801 Attn:  Mark E. Felger (mfelger@cozen.com) and Cozen O'Connor, 277 Park Avenue, New York, NY 10172 Attn:  Frederick E. Schmidt, Jr. (eschmidt@cozen.com); (ii) counsel to ROS, Pachulski Stang Ziehl & Jones, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA 90067, Attn.: Jeffrey H. Davidson (jdavidson@pszjlaw.com), and Pachulski Stang Ziehl & Jones, 150 California Street, 15th Floor, San Francisco, CA 94111-4500, Attn:  Henry C. Kevane (hkevane@pszjlaw.com); (iii) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Ste. 2008 – Lockbox #35, Wilmington, DE 19801, Attn: Mark S. Kenney (Mark.Kenney@usdoj.gov); and (iv) the Clerk of the Bankruptcy Court for the District of Delaware, 824 North Market Street, 3rd Floor, Wilmington, DE 19801.

**PLEASE TAKE FURTHER NOTICE** that the Debtors are seeking to waive the fourteen-day stay period under Bankruptcy Rules 6004(h) and 6006(d) in order for the Sale to close immediately upon entry of the Sale Order by this Court.

**PLEASE TAKE FURTHER NOTICE** that this notice is subject to the full terms and conditions of the Bidding Procedures and Sale Motion, the Bidding Procedures Order and the Bidding Procedures, which shall control in the event of any conflict, and the Debtors encourage parties in interest to review such documents in their entirety. A copy of the Bidding Procedures and Sale Motion, the Bidding Procedures and the Bidding Procedures Order may be obtained (i) by contacting proposed counsel for the Debtors, Cozen O'Connor, 1201 North Market Street, Suite 1001 Wilmington, Delaware 19801 Attn:  Mark E. Felger (mfelger@cozen.com) and Cozen O'Connor, 277 Park Avenue, New York, NY 10172 Attn:  Frederick E. Schmidt, Jr.

(eschmidt@cozen.com), (ii) for a fee via PACER at http://www.deb.uscourts.gov, or (iii) by visiting the Rust Omni website at www.omnimgt.com.

Dated: May ___, 2017

COZEN O'CONNOR
Mark E. Felger
Keith Kleinman
1201 North Market Street, Ste 1001
Wilmington, DE 19801
Telephone: (302) 295-2000
Fax: (302) 295-2013
mfelger@cozen.com
kkleinman@cozen.com
*Proposed Counsel to the Debtors*

COZEN O'CONNOR
Frederick E. Schmidt, Jr.
377 Park Avenue
New York, NY 10172
Telephone: (212) 883-4948
Fax: (646) 588-1552
eschmidt@cozen.com
*Proposed Counsel to the Debtors*

# Exhibit 3 to Bidding Procedures Order

**Cure and Possible Assumption and Assignment Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| UNILIFE CORPORATION, *et al.,*[1] | ) | Case No. 17-10805 (LSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE TO COUNTERPARTIES TO EXECUTORY CONTRACTS AND UNEXPIRED
LEASES REGARDING CURE AMOUNTS AND POSSIBLE ASSUMPTION AND
ASSIGNMENT TO SUCCESSFUL BIDDER AT AUCTION**

      **PLEASE TAKE NOTICE** that on April 12, 2017, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed a motion (the "Bidding Procedures and Sale Motion") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

      **PLEASE TAKE FURTHER NOTICE** that on May __, 2017, the Bankruptcy Court entered an order [Docket No. ____] (the "Bidding Procedures Order") approving Bidding Procedures (the "Bidding Procedures"), which set key dates, times and procedures related to the sale of substantially all of the Debtors' assets (the "Acquired Assets"). To the extent that there are any inconsistencies between the Bidding Procedures and the summary description of the terms and conditions contained in this Notice, the terms of the Bidding Procedures shall control.

      **YOU ARE RECEIVING THIS NOTICE BECAUSE YOU OR ONE OF YOUR
AFFILIATES IS A COUNTERPARTY TO AN EXECUTORY CONTRACT OR
UNEXPIRED LEASE LISTED BELOW WITH ONE OR MORE OF THE DEBTORS:**[2]

[Counterparty Name]      [Contract/Lease]      Cure Amount

      **Pursuant to the Bidding Procedures, the Debtors may assume the Executory Contract(s) or Unexpired Lease(s) listed above to which you are a counterparty. Also pursuant to the Bidding Procedures, the Debtors may assign the Executory Contract(s) or Unexpired Lease(s) to the successful bidder (the "Successful Bidder") at an auction of substantially all of the Debtors' assets currently scheduled for June 9, 2017.** The Debtors have conducted a review of their books and records and have determined that the cure amount for unpaid monetary obligations under such contract or lease is $[AMOUNT] (the "Cure Amount"). If you (a) object to the possible assumption or disagree with the proposed Cure Amount, or (b)

---

[1]  The Debtors in these chapter 11 cases are the following entities (the last four digits of each Debtor's respective federal tax identification number, if any, follow in parentheses): Unilife Corporation ("Unilife") (9354), Unilife Medical Solutions, Inc. ("UMSI") (9944), and Unilife Cross Farm LLC ("Cross Farm") (3994). The Debtors' corporate headquarters and the mailing address for each Debtor is 250 Cross Farm Lane, York, PA 17406.

[2]  This Notice is being sent to counterparties to Executory Contracts and Unexpired Leases. This Notice is not an admission by the Debtors that such contract or lease is executory or unexpired.

object to the possible assignment of such Executory Contract(s) or Unexpired Lease(s) to the Successful Bidder, **you must file an objection with the Bankruptcy Court no later than June 5, 2017**, (the "<u>Objection Deadline</u>") and serve such objection on the following parties: (i) proposed counsel for the Debtors, Cozen O'Connor, 1201 North Market Street, Suite 1001 Wilmington, Delaware 19801 Attn:  Mark E. Felger (mfelger@cozen.com) and Cozen O'Connor, 277 Park Avenue, New York, NY 10172 Attn:  Frederick E. Schmidt, Jr. (eschmidt@cozen.com); (ii) counsel to ROS, Pachulski Stang Ziehl & Jones, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA 90067, Attn.: Jeffrey H. Davidson (jdavidson@pszjlaw.com), and Pachulski Stang Ziehl & Jones, 150 California Street, 15th Floor, San Francisco, CA 94111-4500, Attn:  Henry C. Kevane (hkevane@pszjlaw.com); (iii) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Ste. 2008 – Lockbox #35, Wilmington, DE 19801, Attn: Mark S. Kenney (Mark.Kenney@usdoj.gov); and (iv) the Clerk of the Bankruptcy Court for the District of Delaware, 824 North Market Street, 3rd Floor, Wilmington, DE 19801.

If no objection to the Cure Amount or the assignment of your Executory Contract(s) or Unexpired Lease(s) to the Successful Bidder is filed by the Objection Deadline, **you will be deemed to have stipulated that the Cure Amount as determined by the Debtors and set forth above is correct and you shall be forever barred, estopped and enjoined from (a) asserting any additional cure amount under the above-listed Executory Contract(s) and Unexpired Lease(s) or (b) objecting to the assumption and assignment of the above-listed Executory Contract(s) and Unexpired Lease(s) to the Successful Bidder.**

# Exhibit 4 to Bidding Procedures Order

**Assumption Notice**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| UNILIFE CORPORATION, *et al.*,[1] | ) Case No. 17-10805 (LSS) |
| | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |

## NOTICE OF PROPOSED ASSIGNMENT
## OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**PLEASE TAKE NOTICE** that on April 12, 2017, the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") filed for relief pursuant to chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), and also filed a motion (the "Sale Motion")[2] to sell substantially all of their assets (the "Assets") free and clear of all liens, claims, encumbrances, and other interests (the "Sale") and assume and assign certain of their executory contracts and unexpired leases (collectively, the "Contracts") to the purchaser of the Assets.[3]

**PLEASE TAKE FURTHER NOTICE** that the Debtors are soliciting offers for the purchase of the Assets of the Debtors consistent with the bidding procedures (the "Bidding Procedures") approved by the Court by the entry of an order on May ___, 2017 (the "Bidding Procedures Order").[4] The Bidding Procedures include, among other things, procedures for the assumption and assignment of the Contracts (the "Assumption Procedures").

**PLEASE TAKE FURTHER NOTICE** that, accordingly, pursuant to the Assumption Procedures, and by this written notice, the Debtors hereby notify you that they have determined,

---

[1] The Debtors in these chapter 11 cases are the following entities (the last four digits of each Debtor's respective federal tax identification number, if any, follow in parentheses): Unilife Corporation ("Unilife") (9354), Unilife Medical Solutions, Inc. ("UMSI") (9944), and Unilife Cross Farm LLC ("Cross Farm") (3994). The Debtors' corporate headquarters and the mailing address for each Debtor is 250 Cross Farm Lane, York, PA 17406.

[2] *Motion of the Debtors for Entry of (I) an Order (A) Approving Bidding Procedures in Connection with the Sale of Substantially All of the Debtors' Assets, (B) Approving the Form and Manner of Notice thereof, (C) Scheduling an Auction and Sale Hearing, (D) Approving Procedures for the Assumption and Assignment of Contracts, and (E) Granting Related Relief; and (II) an Order (A) Approving the Asset Purchase Agreement Between the Debtors and the Successful Bidder, and (B) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of Liens, Claims, Encumbrances, and Interests, (C) Authorizing the Assumption and Assignment of Contracts, and (D) Granting Related Relief* [Docket No. 16].

[3] Capitalized terms used as defined terms but not defined herein shall have all the meanings ascribed to them in the Sale Motion.

[4] *Order (A) Approving Bidding Procedures and Bid Protections in Connection with the Sale of Substantially All of the Debtors' Assets, (B) Approving the Form and Manner of Notice Thereof, (C) Scheduling an Auction and a Sale Hearing, (D) Approving Procedures for the Assumption and Assignment of Contracts, and (E) Granted Related Relief* [Docket No. ____].

in the exercise of their business judgment, that the Contracts and any modifications thereto set forth on **Schedule 1** attached hereto (collectively, the "<u>Assigned Contracts</u>") shall be assumed and assigned to the Successful Bidder, subject to the Successful Bidder's payment of the cure amount set forth on **Schedule 1**, or such other cure amounts as are agreed by the parties.

**PLEASE TAKE FURTHER NOTICE** that the Successful Bidder has the right under certain circumstances to designate additional Contracts as Assigned Contracts or remove certain Contracts from the list of Assigned Contracts prior to closing.

**PLEASE TAKE FURTHER NOTICE** that copies of the Sale Motion, the Bidding Procedures, and the Bidding Procedures Order, as well as all related exhibits, including the proposed Sale Order, may be obtained (i) by contacting proposed counsel for the Debtors, Cozen O'Connor, 1201 North Market Street, Suite 1001 Wilmington, Delaware 19801 Attn:  Mark E. Felger (mfelger@cozen.com) and Cozen O'Connor, 277 Park Avenue, New York, NY 10172 Attn: Frederick E. Schmidt, Jr. (eschmidt@cozen.com), (ii) for a fee via PACER at http://www.deb.uscourts.gov, or (iii) by visiting the Rust Omni website at www.omnimgt.com.

**PLEASE TAKE FURTHER NOTICE** that, except as otherwise provided by the Bidding Procedures order, the time for filing objections to (a) the cure amounts related to the Assigned Contracts, (b) the Debtors' ability to assume and assign the Assigned Contracts, and (c) adequate assurance of future performance of the Assigned Contract by the Successful Bidder has passed and no further notice or action is necessary with respect to such matters.

Dated: May ___, 2017

COZEN O'CONNOR
Mark E. Felger
Keith Kleinman
1201 North Market Street, Ste 1001
Wilmington, DE 19801
Telephone: (302) 295-2087
Fax: (302) 295-2013
mfelger@cozen.com
kkleinman@cozen.com
*Proposed Counsel to the Debtors*

COZEN O'CONNOR
Frederick E. Schmidt, Jr.
377 Park Avenue
New York, NY 10172
Telephone:  (212) 883-4948
Fax:  (646) 588-1552
eschmidt@cozen.com
*Proposed Counsel to the Debtors*

2

# Schedule 1 to Assumption Notice

## Assigned Contracts[1]

| Counterparty | Description of Assigned Contracts or Leases | Cure Amount |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

---

[1] The presence of a contract or lease on this **Schedule 1** does not constitute and admission by the Debtors that such contract is an executory contract or such lease in an unexpired lease pursuant to section 365 of the Bankruptcy Code or any other applicable law, and the Debtors reserve all rights to withdraw any proposed assumption and assignment or to reject any contract or lease at any time before such contract or lease assumed and assigned pursuant to an order of the Court.